Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Maria Z. Markova, State Bar No. 233953
E-Mail: mmarkova@hurrellcantrall.com
Erica Bianco, State Bar No. 254988
E-Mail: ebianco@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants COUNTY OF LOS ANGELES
And MARK BREWSTER

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL CHAMPOMMIER and ERIC AVERY FELDMAN, individually and as Successors-In-Interest to ZACHARY CHAMPOMMIER, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DRUG ENFORCEMENT ADMINISTRATION, MICHELLE LEONHART, in her official and individual capacity as Administrator of the U.S. DRUG ENFORCEMENT ADMINISTRATION, DEA AGENT PETER LO PRESTI aka PETER LO PRESTI, COUNTY OF LOS ANGELES, SHERIFF LEE BACA, DEPUTY SHERIFF MARK BREWSTER, CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF OF POLICE CHARLIE BECK, and UNKNOWN STATE AND FEDERAL AGENTS OR EMPLOYEES (DOES 1-10),<br><br>Defendants. | CASE NO. CV11-3913 JHN (PJWx)<br>[Consolidated with:<br>Case No. CV11-05486-CLOSED]<br><br>**STIPULATION FOR PROTECTIVE ORDER** AND ORDER THEREON<br><br>[The Honorable Jacqueline H. Nguyen, Courtroom 790]<br><br>Trial Date: June 12, 2012<br><br>Note changes regarding under seal filings w/ court, page 6. |

1

Subject to the approval of this Court, the parties, by and through their attorneys of record, hereby stipulate for entry of the following protective order:

1. Plaintiff Carol Champommier has requested that defendant County of Los Angeles ("COLA") and Defendant Mark Brewster ("BREWSTER") produce certain documents and information, which COLA and/or BREWSTER contends to be involving privileged and confidential information. Plaintiff Eric Avery Feldman is anticipated to request similar information. (Feldman and Champommier are collectively referred to herein as "plaintiffs.")

2. COLA and/or BREWSTER agrees to produce documents and information responsive to plaintiffs' discovery requests, but only under the strict circumstances and limitations of this Stipulated Protective Order (hereinafter "Protective Order") where said documents and information are kept confidential and private and with assurances that said documents and information shall not be produced, copied, or disseminated to any person or entity unless authorized by this Protective Order.

3. Agreed upon third party private and confidential information, BREWSTER's agreed upon limited medical records, limited performance evaluations and training records for BREWSTER, Internal Affairs investigation documents, any COLA policies and procedures that have been requested by plaintiffs, and any official information documents including any limited prior complaints against BREWSTER produced to plaintiffs by COLA during the course of discovery in this litigation and any subsequent reproduction thereof, as well as employee and personnel records of any other COLA employees as agreed upon, internal affairs and administrative investigation reports and materials, which COLA believes in good faith constitute or embody confidential information, personnel records and/or other materials that are entitled to privileges and/or protections against discovery or disclosure by the United States Constitution, First

Amendment; the California Constitution, Article I, Section 1; California Penal Code Sections 832.5, 832.7 and 832.8; California Evidence Code Sections 1040 and 1043 et. seq; the Official Information Privilege; the Privacy Act of 1974, 5 U.S.C. § 552a; the right to privacy; and decisional law relating to such provisions, which matter is not generally known and which COLA would not voluntarily reveal, and has not voluntarily revealed, to third parties and therefore is entitled to heightened protection from disclosure, are to be designated as "confidential material."

4. On December 22, 2011, plaintiffs have brought an action against the United States of America under the Federal Tort Claims Act for claims arising out of the same incident entitled *Champommier, et al. v. United States of America*, case no. CV 11-10538 CAS (MRW). Plaintiffs have filed a notice of related case, and the parties anticipate that the newly filed action will be consolidated with the current action. The parties agree that any documents or information deemed confidential in this action or in the related action may be used in accordance with the terms of the instant protective order. Confidential material shall be used solely in connection with the preparation and trial of the within case, case no. CV 11-3913 JHN (PJWx), consolidated with CV 11-5486 (closed), and case no. CV 11-10538 CAS (MRW) (the "related action"), or any related appellate proceeding and not for any other purpose.

5. Material designated as "confidential" under this Protective Order, as well as the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "confidential material" or "confidential information") shall be used solely for the purpose of litigating this action and the related action, and for no other action or purpose.

6. Confidential material may not be disclosed except as provided in paragraph 7.

7. Confidential material may be disclosed only to the following persons:

    (a) Counsel for any party, and any party to this litigation and the related action;

    (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

    (c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action and/or the related action;

    (d) Any outside expert or consultant retained in connection with this action and/or the related action, and not otherwise employed by either party; and

    (e) Any "in-house" expert designated by either party to testify at trial in this action and/or the related action.

Nothing in paragraph 7 is intended to prevent officials or employees of the COLA or other authorized government officials from having access to the documents if they would have had access in their normal course of their job duties.

8. Each person to whom disclosure is made, with the exception of those identified in paragraph 6 who are presumed to know the contents of the protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing him/her such material, and shall agree on the record or in writing, that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person must also consent in writing to be subject to the jurisdiction of the district court for the Central District of California, with respect to any proceedings relating to enforcement of this order, including without limitation, any proceedings for contempt. Unless made on the record in

this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation. (See, Appendix "A").

9. Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the party asserting protection shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. The term "CONFIDENTIAL" shall be affixed so as not to block out any of the contents of that document. If, due to the nature of the document, the term "CONFIDENTIAL" cannot be affixed so as not to obscure the contents of the document, then a face page shall be attached to the document with the term "CONFIDENTIAL" set forth therein along with a description of the document. This Protective Order will also apply to any documents, previously made known to the parties herein, but which are subsequently marked "CONFIDENTIAL" in accordance with the Protective Order in this proceeding or in the related action.

10. Confidential material must be stored and maintained by counsel for plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Confidential material shall be clearly marked by counsel for plaintiff and maintained by counsel for plaintiff with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner:

CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NUMBER CV11-3913 JHN (PJWx).

11. The parties may copy or scan documents marked "CONFIDENTIAL," but the copies must be kept and/or used in compliance with this Agreement.

12. Testimony concerning "CONFIDENTIAL" documents produced in accordance with this Agreement at a deposition may also be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

13. If any ~~information~~ and/or documents which are the subject of this Protective Order are presented to ~~this or any other court~~ in any other manner prior to the time of trial, said information and/or documents ~~shall be~~ lodged under seal in compliance ~~with~~ Central District Local Rule 79-5.1

14. In the event that any confidential material is used in any court proceeding in this action and/or the related action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

15. Upon termination of this litigation and/or the related action, and all appeals relating thereto, all confidential material received under the provisions of this order shall be destroyed after the last date of its use or, if requested, returned to the producing party and confirm such actions in writing to the producing party.

16. If plaintiffs are served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," plaintiffs must so notify the producing party, in writing (by fax or email) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

17. If any of the parties hereto learn that, by inadvertence or otherwise, he, she, or it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, said party must

[Handwritten annotation: P.13 — ANY PARTY INTENDING TO SUBMIT TO THE COURT ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER SHALL FILE A MOTION UNDER LOCAL RULE 79-5 REQUESTING PERMISSION TO FILE THEM UNDER SEAL. PJW]

immediately (a) notify in writing all other parties of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Agreement (Appendix "A").

18. Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication or disposition by the producing party of the confidential information. Nothing in this Protective Order shall be construed as a waiver of any privilege (including work product) that may be applicable to any document or information. Further, by stipulating to the entry of this Protective Order, the producing party does not waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, the producing party does not waive any right to object on any ground for use as evidence of any of the material covered by this Protective Order.

19. Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

20. The Court shall have jurisdiction over the parties, their counsel and all persons to whom confidential information has been disclosed for the purpose of enforcing terms of this Protective Order, redressing any violation thereof, and amending or modifying the terms as the Court may deem appropriate.

21. The foregoing is without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents; and

(c) To apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

22. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

23. This Protective Order may be executed in counterparts.

**IT IS SO STIPULATED AND AGREED.**

DATED: December 29, 2011         HURRELL CANTRALL LLP


By:   //S//
      MARIA Z. MARKOVA
      Attorneys for Defendants COUNTY OF
      LOS ANGELES and MARK BREWSTER

| | | |
|---|---|---|
| 1 | DATED: December 29, 2011 | THE EISENBERG LAW FIRM |
| 2 | | |
| 3 | | |
| 4 | | By: ___//S//___ |
| 5 | | CARA L. EISENBERG |
| 6 | | Attorneys for Plaintiffs CAROL CHAMPOMMIER, individually and as Successor-In-Interest to ZACHARY CHAMPOMMIER |
| 9 | DATED: December 29, 2011 | THE LAW OFFICES OF JOHN BURTON |
| 12 | | By: ___//S//___ |
| 13 | | JOHN BURTON, ESQ. |
| 14 | | Attorneys for Plaintiffs ERIC AVERY FELDMAN, individually and as Successor-In-Interest to ZACHARY CHAMPOMMIER |
| 17 | DATED: December 29, 2011 | LA CITY ATTORNEYS OFFICE |
| 20 | | By: ___//S//___ |
| 21 | | RENA M. SHAHANDEH, ESQ. |
| 22 | | Attorneys for CITY OF LOS ANGELES/LOS ANGELES POLICE DEPARTMENT |
| 23 | DATED: December 29, 2011 | UNITED STATES ATTORNEY'S OFFICE |
| 26 | | By: ___//S//___ |
| 27 | | CHUNG H. HAN, ESQ. |
| 28 | | Attorneys for PETER LOPRESTI |

*IT IS SO ORDERED.*

1/5/12

*Patrick J. Walsh*
MAGISTRATE JUDGE

9

# APPENDIX "A"

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read and understand the Stipulation for Protective Order and Protective Order of the United States District Court, Central District of California, entered on the _____ day of _____, 2011, in the case of *Champommier, et al. v. United States of America, et al.*, Case No. CV11-3913 JHN (PJWx), consolidated with CV11-5486 (closed) and/or *Champommier, et al. v. United States of America, et al.*, Case No. CV11-10538 CAS (MRW), which is anticipated to be consolidated with the foregoing action. A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement"). I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agree not to use or disclose the confidential information or material (as defined by that Order) disclosed to me, except for purposes of this litigation or the related action as required by the Stipulation for Protective Order and Protective Order. I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agree that in the event I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. I further agree to submit to the jurisdiction of the United States District Court, Central District of California

for the purpose of enforcing the terms of this Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated:

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City            State            Zip

_____
Occupation or Business